[No. 21432. Department Two. December 28, 1928.]

E. I. Du Pont de Nemours & Company, *Respondent,*
v. Columbia Casualty Company, *Appellant.*[1]

*E. L. McDougal, Randall S. Jones,* and *Miller, Wilkinson & Miller,* for appellant.

French, J.—The Weyerhaeuser Timber Company of Tacoma, Washington, early in the year 1926, desired to construct a few miles of railroad in Cowlitz county, state of Washington, and in March of that year awarded a contract for the building of this road to Hanson & Eva Company, an Oregon corporation. Section 8 of the contract provided:

"Section 8. Contemporaneous with the execution of this contract, the contractor shall furnish to the timber company a good and sufficient bond in the sum of twenty thousand dollars ($20,000), with surety satisfactory to the timber company, conditioned in form and substance satisfactory to the timber company, to insure the full compliance, execution and performance of this contract by the contractor in accordance with all of its terms and provisions, and also to insure the

[1]Reported in 273 Pac. 181.

payment of all laborers, mechanics and materialmen and persons who supply the contractor with provisions, of all just dues to such person or to any person to whom any part of the work is given, incurred in carrying on such work.''

In accordance with the foregoing condition, the Columbia Casualty Company issued a bond, the condition of which bond was:

''Now, therefore, the condition of this obligation is such that, if the said Hanson & Eva Company shall faithfully perform all the provisions of said contract and pay all laborers, mechanics and materialmen and all persons who shall supply such person or person with the provisions and supplies for the carrying on of such work, then this obligation shall be void.''

The Hanson & Eva Company proceeded with the construction of this railroad, and respondent furnished to the Hanson & Eva Company a considerable amount of explosives of various kinds, to be used, and which were actually used, in the prosecution of the work. Thereafter it became apparent that the Hanson & Eva Company could no longer proceed with the work, the appellant took over the contract and this action was commenced to recover from appellant the stipulated price of the explosives furnished.

The record clearly discloses that the bond issued by appellant was furnished by the Frank C. Wynne Agency of Portland, Oregon, and that this agency purported to be, and actually was, the representative of the appellant in the state of Oregon. The record also clearly discloses that at the time the contract was abandoned by Hanson & Eva Company and taken over by appellant, all negotiations were conducted by Mr. Wynne, and that the man who was in actual charge of the work after the contract was abandoned by the

Hanson & Eva Company, as representing the appellant, was appointed by Mr. Wynne.

The record clearly shows that, as to other creditors in like situation as respondent, Mr. Wynne not only orally but in writing informed them that appellant was responsible for the payment of their accounts by reason of the bond furnished, and that such accounts thereafter were, in some instances at least, paid by appellant. The record also clearly discloses that the representative of respondent, on at least two occasions, went to Mr. Wynne's office in Portland, Oregon, and that this office in the building directory, and by the sign on the door, purported to be the office of appellant; that Mr. Wynne then stated that appellant had been forced to take over this work and that the respondent's account would be paid; that respondent was insisting on immediate payment and that Mr. Wynne stated:

"I do not want you to take any action that would embarrass us in prosecuting the work, and would like to have you hold it up for a while."

And again, when respondent was threatening to take legal action, he stated:

"We do not want you to do that. We will pay the account."

And again stated:

"Materials such as that furnished clearly come within the bond, and there is no question about their owing the money on it."

The letters written to the Weyerhaeuser Timber Company by appellant, in which appellant agreed to take over the work and complete the same, are signed by "Columbia Casualty Company, By Frank C. Wynne Agency, Frank C. Wynne, Attorney-in-fact."

We think there can be no question but that, under the holdings of this court, materials furnished by respondent were materials for which a lien might have been filed, and we think they were clearly a class of materials the payment for which was guaranteed by the bond given.

In addition thereto there can be no question but what the testimony clearly preponderates that, when the appellant took over the contract from the Hanson & Eva Company, it assumed and agreed to pay this account, and that there was ample consideration for the promise.

The facts in this case fully justify the judgment rendered by the trial court.

Affirmed.

FULLERTON, C. J., PARKER, and MAIN, JJ., concur.